HEIRS OF WM. WILSON *v.* A. H. SMITH—B. FONTENELLE *v.* the same.

An *ex parte* decree ordering property to be inventoried is only *prima facie* evidence of title in the decedent.

The appointment of a curator to the estate of an absentee is authorized by Articles 50, 52 and 53 C. C.

APPEAL from the District Court of the Parish of Plaquemines, *Rousseau, J. Filleul, Coxe & Beaux* and *Collins*, for plaintiffs and appellants. *Penrose*, for defendants.

COLE, J. In 1809, a sale was made of a tract of land in the Parish of Plaquemines, to *T. B. Robertson* and *William Wilson*, who are described in the deed as residents of New Orleans. *Wilson* did not sign the act of sale. *Isaac T. Preston* purchased the undivided moiety of *Robertson*, and sold it in 1847 to *H. L. Smith*, who took possession of the property, then in a state of waste, and made, at his own expense, many improvements thereupon. During this time nothing was known of *Wilson*.

In 1853, *H. L. Smith* instituted a suit against *Wilson*, and obtained an attachment upon affidavit of his belief that *Wilson* resided permanently out of the State of Louisiana; and claimed a large amount of money against him as owner

of the undivided moiety of the said land, for the expense of the improvements aforesaid, and the enhanced value thereby of the land.

The suit was dismissed by the District Judge, and the judgment was affirmed by this court. See *Smith* v. *Wilson*, 10 An., 257.

In 1826, one *Catherine Wilson* presented a petition to the Court of Probates, for the Parish of Orleans, in which she represented herself as widow, and lately the wife of *William Wilson*, deceased, of the Parish of Orleans, and averred that the only property to which he had a claim in his lifetime, was situated in the town of Ayre, Scotland, being an unliquidated claim upon the succession of an uncle, named *Wilson*, late of the said town. She prayed to be appointed tutrix of her minor child, *Mary Ann Wilson*, the issue of her marriage with *Wilson*, and his only heir. She was appointed.

In 1856, *Evelina German*, widow of *George Hearsey*, tutrix, and other persons presented a petition to the Second District Court of New Orleans, in which they represented that the minor child, *Mary Ann Wilson*, died previously to her mother, and that the latter inherited her succession, and became through her daughter the heir of *William Wilson*, her husband; that they are the next of kin to *Catherine Hearsey*, the widow of said *Wilson*, who is deceased; that *Wilson* left certain property in the Parish of Plaquemines. They prayed for an inventory of the property of *William Wilson*, deceased, and to be recognised as his heirs.

The inventory was ordered, and petitioners were recognised as the sole and legitimate heirs of *William Wilson;* the decree also ordered them to be put in possession of his estate.

The only evidence offered, appears to have been the affidavit of one *Lucinda Abbot.*

The inventory, comprising the undivided half of the tract of land sold to *Wilson*, and no other property, was approved and homologated.

On the 18th of June, 1855, in accordance with petition to that effect, *B. Fontenelle*, was appointed curator of the estate of *William Wilson*, an absentee, by the Second District Court for the Parish of Plaquemines.

The heirs of *William Wilson*, and, also, *Fontenelle*, curator, respectively claiming titles to the undivided half of said land, sued defendant, *Mr. Smith*, before the said District Court of Plaquemines, for a partition of the land. The two suits were consolidated. The judgment non-suited the heirs of *Wilson*, and ordered that the curator of the absentee be maintained as such, authorised to proceed with his demand in partition against *Mrs. Smith*, and to administer agreeably to law, the portion of said land which in the suit for partition, may be allotted to *William Wilson*, the purchaser thereof, for any person who may hereafter show a just title thereto. Sess. Acts 1855, p. 1. C. C. Arts. 50 to 57. The heirs of *Wilson* have appealed.

The decree of the Second District Court of New Orleans, recognised *Evelina German* and others, as heirs of *William Wilson;* but it does not necessarily follow that they are the heirs of *William Wilson* who owned land in Plaquemines.

Before they can carry into effect the decree ordering them to be put into possession of the property of *Wilson*, so as to claim, as owners, the land, they are obliged to establish, when their right is contested, that this land belonged to the *Wilson* whom they represent.

The *ex parte* decree ordering the inventory of this land as their property, is only *prima facie* evidence of title, and not conclusive when the title of their ancestor is contested.

47

In this suit, the heirs of *Wilson* have failed to prove themselves to be the heirs of the *Wilson* who owned the land in Plaquemines. If they can get satisfactory evidence of their heirship to the *Wilson* who was the owner of this land, then the judgment cannot defeat their claim.

The judgment as to *Fontenelle* was correct. *Wilson*, the absentee, has not been heard from for over ten years, and there are no known heirs to his estate, residing in the State. It will be his duty, under the judgment, to have the property of the absentee sold according to law, and to pay the funds into the State Treasury, as in cases of vacant successions, after the payment, according to law, of the debts of *Wilson ;* and thus, in the language of the judgment, the portion of the land coming to *Wilson*, will be administered for any person who may hereafter show a just title thereto, and the heirs of *Wilson* can claim the funds from the State, if they hereafter prove themselves to be the heirs of *Wilson* who owned the land.

It is objected by the appellants, that *Fontenelle* obtained *letters of curatorship to the estate* of *William Wilson*, and is commissioned as curator of the absentee. There is nothing illegal in this form of appointment. The 50th Art. of the Civil Code, authorises the appointment of a person " to administer the estate" of the absentee. C. C. Arts. 52, 53.

Appellants also aver that *William Wilson* is not an absentee, and there is no proof of his existence.

The act of sale to *Wilson*, although it is not signed by him, raises the presumption of his existence at the epoch of its execution.

*Robert Johnson*, testifies that he has resided in the Parish of Plaquemines since 1824, that he knew a person residing in the parish by the name of *William Wilson*, from 1824 to 1832. This *Wilson* resided on the land now in contestation. In 1832, *Wilson* told him he was going to Texas, and left the place.

It is established, that he once existed, and there is no proof of his decease, and Art. 50 of the Civil Code provides, that when a person possessed of either movable or immovable property within the State, shall be absent, or shall reside out of the State, without having appointed somebody to take care of his estate, a curator shall be appointed by the Judge of the place where the property is situated, to administer the same.

Judgment affirmed, with costs.

VOORHIES, J., absent.